# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNY D. GROTE, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 12-CV-1330-KHV-JPO |
| BEAVER EXPRESS SERVICE, LLC, | ) ) ) |
| Defendant. | ) ) |

## AGREED PROTECTIVE ORDER

Upon the stipulation and agreement of Plaintiff Jenny D. Grote ("Plaintiff") and Defendant Beaver Express Service, LLC ("Defendant") (collectively, the "Parties"), and it appearing to the Court that:

A. The Parties will engage in discovery in this case related to allegations under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3 *et seq.*; and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* which will require the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

B. In the course of discovery, confidential personnel, medical, personal, financial and/or other confidential information is likely to be produced by the Parties or other Persons or entities;

C. The Parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

1

D. The Parties, pursuant to agreement, have applied to the Court for this Agreed Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto;

E. Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause; and

F. Good cause exists for the issuance of this Agreed Protective Order.

IT IS HEREBY ORDERED THAT:

1. The following definitions shall apply for purposes of this Agreed Protective Order:

a. The term "CONFIDENTIAL INFORMATION" shall mean all documents, data, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery concerning Plaintiff's claims in this litigation (including deposition transcripts and including discovery obtained from third parties) designated by any Party as "Confidential" in some manner and containing or comprising of:

    i. confidential personnel information of employees;

    ii. confidential medical records and financial records of Plaintiff and other employees; and

    iii. Defendant's confidential non-public financial records; confidential or private information concerning trade secrets of Defendant; and information Defendant is required to keep private by applicable law or regulations.

b. The term "Person" shall mean any natural person and any corporation, partnership, association, or other entity.

c. The term "Party" or "Parties" shall mean: Jenny D. Grote, Beaver Express Service,

LLC, and any other Person that may become a named party to this case.

  d. The term "Designating Person" shall mean the Person or Party responsible for producing any material that is designated as confidential.

  2. A document may be designated as "CONFIDENTIAL INFORMATION" by either stamping or marking it "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "PROTECTED DOCUMENT," or otherwise identifying it as "proprietary" or "confidential" by the use of these words or other similar language.  Deposition testimony may be designated as "CONFIDENTIAL INFORMATION" by identifying the relevant portions on the record at the deposition or by sending written notice specifying those portions to each Party within 21 days of the date the transcript of those portions of the deposition is received by the Designating Person.

  3. Except with the prior written consent of the Designating Person, CONFIDENTIAL INFORMATION may not be copied and/or disclosed to any Person other than:

  a. A Party, including any officer, director, employee, agent, or representative of or attorney for a Party;

  b. The Judge presiding in this case, the Judge's staff, and such employees of the Court as directed by the Judge;

  c. Counsel of record for a Party and their legal associates, paralegals, and office staff;

  d. In-house counsel for a Party and their paralegals and office staff;

  e. Employees of a Party whose job responsibilities and special knowledge relate to the subject matter of that CONFIDENTIAL INFORMATION;

  f. Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case.  This category of individuals

does not include Persons informally consulted for assistance with preparation and trial of this case and is instead limited solely to Persons that are formally retained and consulted, such as licensed attorneys, medical experts, financial advisors and analysts, or others whose primary expertise or employment is to provide assistance or consulting of the nature requested or provided.

      g.      Witnesses being deposed; and

      h.      The Parties to and corresponding persons identified in Paragraphs 3(a) through (g), above, involved in Case No. 12-CV-1330-KHV-JPO, *Jenny D. Grote v. Beaver Express Service, LLC*, filed in the United States District Court for the District of Kansas.

    4.    To the extent any CONFIDENTIAL INFORMATION is disclosed to a non-Party as provided in Sections 3(f) and (g) above, said individual shall be provided with a copy of this Protective Order prior to review of any CONFIDENTIAL INFORMATION and shall be required to sign a disclosure statement attesting that they have reviewed the Protective Order, understand its contents, and agree to abide by the same confidentiality obligations, limitations, and restrictions to which the Parties have agreed.

    5.    All CONFIDENTIAL INFORMATION shall be used and disclosed solely for purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction.

    6.    In the event that a Party disputes the propriety of the designation of any material or information as confidential, the Parties shall engage in good faith efforts to resolve the dispute. In the event the Parties cannot agree whether material or information is properly designated as confidential, the Party objecting to the designation shall have fourteen (14) days from the declaration of impasse to file a motion with the Court. The Party seeking the

confidential designation bears the burden of demonstrating to the Court that the material should be treated as confidential. Disputed material shall be treated as CONFIDENTIAL INFORMATION pending a ruling from the Court. The 14-day period shall run from notice in writing by either Party that the disputed designation cannot be resolved without Court intervention.

7. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. The Parties agree, upon written consent of the producing Party, that CONFIDENTIAL INFORMATION may be used to defend ethical or other complaints arising after the final resolution of this matter.

8. Nothing in this Order shall:

a. Restrict the right of any Party to disclose any CONFIDENTIAL INFORMATION produced or provided by that Party to any other Person;

b. Restrict the right of any Party to use any CONFIDENTIAL INFORMATION in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of CONFIDENTIAL INFORMATION from disclosure to the public. Specifically, the Parties agree to seek the issuance of an Order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for CONFIDENTIAL INFORMATION under this Order.

c. Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

d. Preclude any Party from seeking or applying any further or additional protection for CONFIDENTIAL INFORMATION not provided in this Order;

e. Alter the Parties' requirements to comply with the Court's administrative procedures for electronic filing of documents under seal.

9. Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel.

10. The following procedures shall relate to the handling of inadvertently produced documents or information that may be privileged:

a. In the event that a Party or third party inadvertently produces information that they believe is protected by the attorney-client privilege, work product doctrine or any other privilege, within a reasonable time after the producing Party or third party discovers the inadvertent disclosure, the producing Party or third party may make a written request to the other Parties to return the inadvertently produced privileged document. All Persons who received the inadvertently produced document will return the document to the producing Party or third party immediately upon receipt of the written request and without reviewing the document.

b. If the receiving Party identifies a document that is clearly privileged, said Party shall immediately stop any review of said document and return it to the disclosing Party or third party.

c. The receiving Party must take reasonable steps to retrieve the information if the Party disclosed it before being notified of the claimed privilege.

d. By returning the document or information, the receiving Party is not conceding that the document or information is privileged and is not waiving its right to later challenge the substantive privilege claim, except that the Party may not challenge the privilege claim by arguing that the inadvertent production waived the privilege. If the Parties disagree as to the privilege asserted, the receiving Party shall promptly file a motion to compel discovery.

11. Prior to the time of trial or at such earlier time as it becomes necessary for the Parties to rely upon CONFIDENTIAL INFORMATION in connection with a motion or hearing, the Parties shall attempt in good faith to remove the physical label designation of "Confidential," "Subject to Protective Order," or "Protected Document," or other labels identifying it as "proprietary" or "confidential" by the use of these words or other similar language with respect to deposition transcripts and exhibits thereto to the greatest extent possible.

12. After final resolution of the litigation, including exhaustion of all appellate remedies, all material not received in evidence and treated as confidential under this Order must be returned to the producing Party upon request. If the Parties so stipulate, the material may be destroyed. These provisions apply to the Parties as well as to non-Parties identified in Paragraph 3 above.

IT IS SO ORDERED this 11th day of February, 2013.

/s James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge

  s/Ray E. Simmons
Mark G. Ayesh        (#10175)
Ray E. Simmons     (#12296)
AYESH LAW OFFICES
8100 East 22nd Street North
Building 2300, Suite 2
P. O. Box 781750
Wichita, KS 67278-1750
(316) 682-7381
mayesh@ayesh.kscoxmail.com
rsimmons@ayesh.kscoxmail.com

*Attorneys for Plaintiff Jenny D. Grote*


  s/Stephanie N. Scheck
Stephanie N. Scheck   (#17096)
Jesse Tanksley       (#24162)
STINSON MORRISON HECKER LLP
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206-6620
(316) 265-8800
(316) 265-1349 (Fax)
sscheck@stinson.com
jtanksley@stinson.com

*Attorneys for Defendant*
*Beaver Express Service, LLC*